UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OEI HONG LEONG,

                Plaintiff,

—against—                     13 Civ. 8655 (JMF)

THE GOLDMAN SACHS GROUP, INC.,

                Defendant.

**THE GOLDMAN SACHS GROUP, INC.'S OPPOSITION
TO THE PLAINTIFF'S MOTIONS TO STRIKE THE DECLARATIONS OF
<u>DAVID JOSEPH AND LEE RONALD SUK BAE</u>**

BRUNE & RICHARD LLP
One Battery Park Plaza
New York, New York 10004
Tel: (212) 668-1900
Fax: (212) 668-0315

*Counsel for Defendant*
February 28, 2014                             *The Goldman Sachs Group, Inc.*

## INTRODUCTION

Having no effective response on the merits to the declarations submitted by The Goldman Sachs Group, Inc. ("GS Group") in support of its motion to stay in favor of arbitration or in favor of foreign proceedings, plaintiff Oei Hong Leong resorts to motions to strike the declarations.

Despite himself submitting a declaration of an English law expert to contest arbitrability in his prior Singapore action alleging virtually identical facts, Mr. Oei first contends that the declaration of David Joseph on English law should be disregarded because courts should not place "undue" reliance on foreign law experts and should instead conduct their own research on foreign law issues. But the cases cited by Mr. Oei do not by any stretch support the proposition that foreign law expert testimony, which can assist the Court's own analysis, should be stricken. Indeed, Mr. Oei's motion fails to cite a single case striking an expert declaration or affidavit of foreign law, and federal courts routinely rely on foreign law (including English law) experts offered by the parties, as GS Group has done here. The testimony in this case would be particularly helpful to the Court because it is supported by extensive English law authorities that Mr. Joseph attached for the Court's review. Mr. Oei notably never explains why Mr. Joseph's analysis is wrong, and he was in all events free to submit his own expert's declaration as he did in the Singapore proceeding.

Mr. Oei also seeks to strike portions of the declaration of Lee Ronald Suk Bae, an employee of Goldman Sachs (Asia) L.L.C. ("GS Asia"), on the ground that the portions at issue are "conclusory" or are not based on personal knowledge. But the primary purpose for Mr. Lee's declaration was to introduce various documents for the Court's consideration (including contracts and litigation filings in Singapore), and Mr. Oei does not appear to object to Mr. Lee's declaration serving that function. The portions Mr. Oei seeks to strike consist of Mr. Lee's summarizing, for purposes of context, various documents attached to his or other declarations —

documents the Court can of course review on its own — and other statements that are in Mr. Oei's complaint and not in dispute.

The motions should be denied.

## DISCUSSION

### I.     The Court Should Not Strike David Joseph's Declaration

Mr. Oei's motion fails to cite any case in which foreign law potentially applied yet a court actually struck an expert declaration or affidavit regarding that law.  The reason the cases do not support striking expert testimony on foreign law is because Rule 44.1 expressly allows courts to consider "any relevant material or source, including testimony" on foreign law "submitted by a party."  FED. R. CIV. P. 44.1.  In fact, the Second Circuit has "urge[d] district courts to invoke the flexible provisions of Rule 44.1." *Curly v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998).  Courts in this District and elsewhere have routinely cited expert declarations and affidavits in determining issues of English law.[1]  Indeed, Mr. Oei himself submitted a declaration regarding English law in connection with opposing arbitration in his prior Singapore proceeding.

Mr. Oei nonetheless argues that the Court is ultimately responsible for determining questions of foreign law, and should not place "undue reliance" on parties' experts. (Doc. 24, at 2)  But those observations do not in any way suggest that expert legal declarations should be stricken; rather, a trial judge should give them "whatever probative value he or she thinks they

---

[1] *See*, *e.g*., *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 517 n.3 (S.D.N.Y. 2012) (Furman, J.); *Fr 8 Sing. PTE, Ltd. v. Albacore Mar., Inc.,* 794 F. Supp. 2d 449, 459 (S.D.N.Y. 2011); *Winn v. Schafer*, 499 F. Supp. 2d 390, 396 n.28 (S.D.N.Y. 2007); *Dominion Bulk Int'l, S.A. v. Naviera Panoceanica, S.A.C.*, No. 06 Civ. 6854 (LAP), 2006 U.S. DIST. LEXIS 85616, at *9-11 (S.D.N.Y. Nov. 21, 2006); *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 407 F. Supp. 2d 483, 499 (S.D.N.Y. 2005); *Fuel & Marine Mktg. LLC v. Allfirst Bank (In re Millenium Seacarriers, Inc.)*, No. 02-10180 (CB), 2004 U.S. DIST. LEXIS 11399, at *9-10 (S.D.N.Y. June 22, 2004); *Katz v. Berisford Int'l, PLC*, No. 96 Civ. 8695 (JGK), 1998 U.S. DIST. LEXIS 15367, at *13-16 (S.D.N.Y. Sept. 30, 1998).

deserve." 9A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2444 (3d ed. 2008).  Here, far from being stricken, the Court should give Mr. Joseph's declaration substantial weight, because it is supported by English law authorities that are included for the Court's review as exhibits, and because Mr. Oei provides no expert declaration or argument to dispute Mr. Joseph's analysis.  9 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 44.1.04[2][b] (3d ed. 2013) (courts "usually should give some deference to an unrebutted presentation or interpretation of foreign law").

  Mr. Oei alternatively contends that Mr. Joseph's declaration should be stricken because (i) he credited the facts in Mr. Lee's declaration, which is the subject of his separate motion to strike, and (ii) Mr. Joseph addressed issues posed by GS Group.  But Mr. Oei's motion does not point to anything in Mr. Joseph's declaration which actually relies upon *any* of the statements in the paragraphs of Mr. Lee's declaration subject to the motion to strike.  (Doc. 23, at 4)  Nor does Mr. Oei explain why the issues posed by GS Group are the wrong issues for purposes of GS Group's motion to stay.  They clearly are not.  In essence, Mr. Joseph addressed whether this dispute is arbitrable (Joseph Decl. ¶ 4) — the question at hand.

  Finally, Mr. Oei complains that Mr. Joseph improperly considered the "application of the foreign law to the facts of the case."  (Doc. 24, at 4)  But, as Judge Scheindlin has explained, Rule 44.1 allows the court to consider "*any* relevant material or source," FED. R. CIV. P. 44.1 (emphasis added), and "[a] court may thus consider a foreign law expert's opinion even on ultimate legal conclusions." *Winn v. Schafer*, 499 F. Supp. 2d 390, 396 n.28 (S.D.N.Y. 2007).  Another court aptly observed that "allowing the experts to offer their opinions on the applicability of the law to the facts in their Fed. R. Civ. P. 44.1 submissions could be helpful to

the court." *USGen New England, Inc. v. TransCanada Pipelines, Ltd. (In re USGen New England, Inc.)*, No. 03-30465, 2007 BANKR. LEXIS 2820, at *61 (Bankr. D. Md. Aug. 16, 2007).[2]

While Mr. Oei has cited two out-of-circuit cases cautioning against accepting a foreign law expert's opinion as to ultimate legal conclusions, neither case actually struck the expert opinion in its entirety (Opp. 4) — as Mr. Oei improperly requests here — and the reasoning of one of those cases, *Krish v. Balasubramaniam*, No. 1:06-CV-01030, 2006 U.S. DIST. LEXIS 76194 (E.D. Cal. Oct. 10, 2006), was specifically cited and rejected by Judge Scheindlin in *Winn*, based on the expansive language of Rule 44.1.  499 F. Supp. 2d at 396 n.28.

## II.  The Court Should Not Strike Lee Ronald Suk Bae's Declaration

Mr. Oei separately requests that the Court strike portions of Mr. Lee's declaration that are not based on personal knowledge or that allegedly reflect improper conclusions.  The statements at issue, however, are merely summaries of portions of documents that are in the record and that the Court can independently evaluate (*see* Lee Decl. ¶¶ 2, 8 (complaint in this action); ¶ 14 (Singapore complaint); ¶ 16 (Singapore motion papers); ¶ 19 (letter to the Court); ¶ 20 (acknowledgment of Account Agreement)), and, in one instance, a reference to a meeting that is described in Mr. Oei's complaint. (*Id*. ¶ 10 (referring to the meeting in Compl. ¶ 30))  Mr. Oei concedes it is appropriate for Mr. Lee to authenticate and submit documents for the Court's consideration (Doc. 23, at 3 n.3), which was plainly the purpose of the declaration.  The statements Mr. Oei challenges were obviously included only to give context to the facts and

---

[2] *See also HFGL, Ltd. v. Alex Lyon & Son Sales Managers & Auctioneers, Inc.*, 264 F.R.D. 146, 148 (D.N.J. 2009) (denying motion to strike expert report that "interprets provisions of the agreements in question in accordance with English law"); *Wheelings v. Seatrade Groningen, BV*, 516 F. Supp. 2d 488, 499-500 (E.D. Pa. 2007) (relying on expert testimony interpreting a contract by applying Dutch law to specific contract provisions); *Ancile Inv. Co. v. Archer Daniels Midland Co.*, No. 08 Civ. 9492, 2012 U.S. DIST. LEXIS 174699, at *9 (S.D.N.Y. Nov. 29, 2012) (relying on expert reports opining as to ultimate legal issue of whether defendant's conduct "violated the duty of good faith imposed by Brazilian law").

documents about which Mr. Lee has personal knowledge — matters Mr. Oei does not challenge. The Court should therefore deny Mr. Oei's pointless motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Oei's motions to strike.

Dated: New York, New York
       February 28, 2014

Respectfully submitted,

By: _____
Hillary Richard
Charles Michael
BRUNE & RICHARD LLP
One Battery Park Plaza
New York, New York 10004
Tel: (212) 668-1900
Fax: (212) 668-0315

*Counsel for Defendant
The Goldman Sachs Group, Inc.*